EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
MARIE MANNING

                                             Plaintiff,

                  -against-

KOHL'S AND KOHL'S, INC.

                                    Defendants.
---------------------------------------------------------------X

Index No.: 500462/22
Date Purchased: 1/6/22
**SUMMONS**

Plaintiff designates Kings County as the place of trial.

The basis of venue is:
CPLR 503

## To the above named Defendants:

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:         BROOKLYN, NEW YORK
                  January 4, 2022

                                                Law Offices of William Pager
                                                Attorneys for Plaintiff(s)
                                                MARIE MANNING
                                                203-205 Kings Highway
                                                Brooklyn, New York 11223
                                                718-998-1010
                                                Our File No. 4380DO

TO:    KOHL'S
           8973 Bay Parkway
           Brooklyn, NY 11214

           KOHL'S, INC.
           600 Mamaroneck Avenue, Suite 400
           Harrison, NY 10528

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
MARIE MANNING

                          Plaintiff,

-against-

KOHL'S AND KOHL'S, INC.

                          Defendants.
---------------------------------------------------------------X

Index No.: 500462/22
Date Purchased: 1/6/22

**VERIFIED COMPLAINT**

Plaintiff by her attorneys, **LAW OFFICES OF WILLIAM PAGER** complaining of the Defendants, respectfully alleges, upon information and belief:

1. That at all times herein mentioned, Plaintiff **MARIE MANNING** was, and still is a resident of the County of Kings, State of New York.

2. That at all times herein mentioned, Defendant **KOHL'S** was and still is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware.

3. That at all times herein mentioned, Defendant **KOHL'S** was and still is a foreign entity, duly organized and existing under and by virtue of the laws of the State of Delaware.

4. That at all times herein mentioned, Defendant **KOHL'S** was and still is a foreign corporation duly authorized to do business in the State of New York.

5. That at all times herein mentioned, Defendant **KOHL'S** was and still is a domestic corporation and/or a domestic entity in the State of New York and duly authorized to do business in the State of New York.

6. That at all times herein mentioned, Defendant **KOHL'S** was and still is a subject of long arm statutes of the State of New York.

2

7. That at all times herein mentioned, Defendant **KOHL'S**, maintained a principal place of business in the County of Kings, State of New York.

8. That at all times herein mentioned, the Defendant **KOHL'S** maintained a principal place of business in the County of Kings, State of New York, located at 8973 Bay Parkway, Brooklyn, NY 11214.

9. That at all times herein mentioned, the Defendant **KOHL'S** owned the premises, located at 8973 Bay Parkway, Brooklyn, NY 11214.

10. That at all times herein mentioned, the Defendant **KOHL'S** owned the premises and appurtenances and fixtures thereto, located at 8973 Bay Parkway, Brooklyn, NY 11214.

11. That at all times herein mentioned, the Defendant **KOHL'S** owned the premises and appurtenances and fixtures thereto and, in particular, the shopping carts for the use of customers, located at 8973 Bay Parkway, Brooklyn, NY 11214.

12. That at all times herein mentioned, the Defendant **KOHL'S** operated the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

13. That at all times herein mentioned, the Defendant **KOHL'S** controlled the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

14. That at all times herein mentioned, the Defendant **KOHL'S** managed the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

15. That at all times herein mentioned, the Defendant **KOHL'S** maintained the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

16. That at all times herein mentioned, the Defendant **KOHL'S** supervised the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

17. That at all times herein mentioned, the Defendant **KOHL'S** inspected the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

18. That at all times herein mentioned, the Defendant **KOHL'S** repaired the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

19. That at all times herein mentioned, Defendant **KOHL'S, INC.** was and still is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware.

20. That at all times herein mentioned, Defendant **KOHL'S, INC.** was and still is a foreign entity, duly organized and existing under and by virtue of the laws of the State of Delaware.

21. That at all times herein mentioned, Defendant **KOHL'S, INC.** was and still is a foreign corporation duly authorized to do business in the State of New York.

22. That at all times herein mentioned, Defendant **KOHL'S, INC.** was and still is a domestic entity and/or a corporation under the laws of the State of New York and duly authorized to do business in the State of New York.

23. That at all times herein mentioned, Defendant **KOHL'S, INC.** was and still is a subject of long arm statutes of the State of New York.

24. That at all times herein mentioned, Defendant **KOHL'S, INC.**, maintained a principal place of business in the County of Westchester, State of New York.

25. That at all times herein mentioned, the Defendant **KOHL'S, INC.** maintained a principal place of business in the County of Westchester, State of New York, located at 600 Mamaroneck Avenue, Suite 400, Harrison, NY 10528.

26. That at all times herein mentioned, the Defendant **KOHL'S, INC.** owned the premises, located at 8973 Bay Parkway, Brooklyn, NY 11214.

27. That at all times herein mentioned, the Defendant **KOHL'S, INC.** owned the premises and appurtenances and fixtures thereto, located at 8973 Bay Parkway, Brooklyn, NY 11214.

28. That at all times herein mentioned, the Defendant **KOHL'S, INC.** owned the premises and appurtenances and fixtures thereto and, in particular, the shopping carts for the use of customers, located at 8973 Bay Parkway, Brooklyn, NY 11214.

29. That at all times herein mentioned, the Defendant **KOHL'S, INC.** operated the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

30. That at all times herein mentioned, the Defendant **KOHL'S, INC.** controlled the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

31. That at all times herein mentioned, the Defendant **KOHL'S, INC.** managed the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

32. That at all times herein mentioned, the Defendant **KOHL'S, INC.** maintained the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

33. That at all times herein mentioned, the Defendant **KOHL'S, INC.** supervised the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

34. That at all times herein mentioned, the Defendant **KOHL'S, INC.** inspected the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

35. That at all times herein mentioned, the Defendant **KOHL'S, INC.** repaired the premises and appurtenances and fixtures thereto and the shopping carts, located at 8973 Bay Parkway, Brooklyn, NY 11214.

36. That at all times herein mentioned, and upon information and belief, the above captioned Defendants owned, operated, managed, controlled, supervised, inspected, repaired and maintained the aforesaid premises, appurtenances and fixtures thereto and in particular, the shopping carts at the aforesaid premises.

37. That at all times herein mentioned, and on March 3, 2020, Defendant **KOHL'S** was obligated to maintain the premises and, in particular, the shopping carts in a reasonably safe, proper

and working condition and free of danger, hazards, defects or traps, which included the shopping cart at the aforementioned premises.

38. That at all times herein mentioned, and on March 3, 2020, Defendant **KOHL'S, INC.** was obligated to maintain the premises and the shopping carts in a reasonably safe, proper and working condition and free of danger, hazards, defects or traps, which included the subject shopping cart at the aforementioned premises.

39. That at all times herein mentioned, and on March 3, 2020, Plaintiff **MARIE MANNING** was lawfully present on the aforesaid premises with the knowledge, permission and consent of Defendant **KOHL'S**.

40. That at all times herein mentioned, and on March 3, 2020, Plaintiff **MARIE MANNING** was lawfully present on the aforesaid premises with the knowledge, permission and consent of Defendant **KOHL'S, INC.**

41. That at all times herein mentioned, and on March 3, 2020, Plaintiff **MARIE MANNING** was a lawful patron, customer and a shopper at Kohl's store located at 8973 Bay Parkway, Brooklyn, NY 11214.

42. That at all times herein mentioned, and on March 3, 2020, Plaintiff **MARIE MANNING** was a lawful patron at the Kohl's store located at 8973 Bay Parkway, Brooklyn, NY 11214, when Plaintiff was caused to be injured and sustain severe and permanent injuries as a result of negligent, defective, malfunctioning, broken and dangerous condition of the shopping cart owned by the named defendants.

43. That at all times herein mentioned, and on March 3, 2020, Defendant **KOHL'S** breached its duties to the Plaintiff and was careless, reckless and negligent in the ownership, operating,

control, management, maintenance, supervision, inspection and/or repair of the premises including providing to its customers, in particular, **MARIE MANNING**, the aforementioned shopping cart which was in a negligent, defective and a dangerous condition.

44. That at all times herein mentioned, and on March 3, 2020, Defendant **KOHL'S, INC.** breached its duties to the Plaintiff and was careless, reckless and negligent in the ownership, operating, control, management, maintenance, supervision, inspection and/or repair of the premises and, in particular with respect to the aforementioned shopping cart.

45. This occurrence was due solely to the carelessness, recklessness and negligence of the Defendants, its agents, servants, employees and/or sub-contractors, in its ownership, operating, control, management, maintenance, supervision, inspection and/or repair of the premises and in particular and including the aforementioned shopping cart; in failing to properly maintain, inspect, repair and/or manage the premises and specifically the aforementioned shopping cart; in creating, causing, allowing a dangerous, negligent, broken, malfunctioning and defective condition to exist; in providing to its customers, and allowing access to a defective, broken, malfunctioning shopping cart; in permitting the premises and the shopping carts to be, become and remain in a negligent, dangerous, defective and/or hazardous condition; in causing, allowing and/or permitting the patrons to continue the use of defective, dangerous and/or hazardous condition of the shopping carts; in failing to inspect, to maintain and/or repair the shopping carts in a safe and proper manner; in failing to repair the shopping cart and its appurtenances in a safe and proper manner; in failing to inspect the shopping carts and its appurtenances in a safe and proper manner; in using and failing to repair or replace unsafe and improper shopping carts; in failing to warn, and to indicate whether a shopping

cart is damaged, defective and/or dangerous; in creating a trap and maintained a nuisance; and in being otherwise careless, negligent and reckless.

46. That the above occurrence, and the results thereof, were caused by the negligence of the Defendants and/or said Defendants' servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, inspection, repair and control of the aforesaid premises and in particular, the shopping carts thereat.

47. That, upon information and belief, Defendants had actual notice of these dangerous, defective and unsafe condition on or prior to March 3, 2020.

48. That, upon information and belief, Defendants had constructive notice of this dangerous, defective and unsafe condition thereat.

49. That, upon information and belief, Defendants caused and/or created the dangerous, defective and unsafe condition thereat.

50. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

51. That by reason of the foregoing, Plaintiff **MARIE MANNING** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

52. That as a result of the foregoing, Plaintiff was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff **MARIE MANNING** demands judgment against the Defendants in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated:   Brooklyn, New York
         January 4, 2022

Yours, etc.

_____
Law Offices of William Pager
Attorneys for Plaintiff(s)
MARIE MANNING
203-205 Kings Highway
Brooklyn, New York 11223
718-998-1010
Our File No. 4380DO

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

MARIE MANNING

Plaintiff,

-against-

KOHL'S AND KOHL'S, INC.

Defendants.

---

**SUMMONS AND COMPLAINT**

---

**Law Offices of William Pager**
***Attorneys for Plaintiff(s)***
**203-205 Kings Highway**
**Brooklyn, New York 11223**
**Phone: 718-998-1010**
**Fax: 718-998-8046**

---

*PLEASE TAKE NOTICE*

That the within is a true copy of a entered in the office of the clerk of the within named Court on

That a of which the within is a true copy will be presented for settlement to the Hon. One of the Judges of the within named Court at on at 9:30 a.m.

---

Due and timely service of the within is hereby admitted

Dated:

X ____________________

Attorneys for